JOHN J. SALO, administrator, *vs.* NORTH AMERICAN ACCIDENT INSURANCE COMPANY.

Worcester.　September 29, 1926. — October 20, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Insurance*, Accident. *Contract*, Construction. *Motor Vehicle. Words,* "Motor driven car."

A motor cycle without a side car or equipment for one is not a "motor driven car" within the provisions of a policy insuring against death caused "by the wrecking or disablement of any private horse-drawn vehicle, or private motor-driven car in which Insured is riding or driving, or, by being accidentally thrown from such vehicle or car."

CONTRACT by the administrator of the estate of William Salo upon a policy of life insurance described in the opinion. Writ dated April 10, 1925.

In the Superior Court, the action was heard by *Cox,* J., without a jury, upon an agreed statement of facts, among which were the following: "William Salo's motor cycle, upon which he was riding and driving, was wrecked or disabled at the time of, and as a result of, the accident which

caused the death of William, and said motor cycle was without a side car, or equipment for one." Other material facts are stated in the opinion. The judge found for the defendant. The plaintiff alleged exceptions.

*M. M. Taylor*, for the plaintiff.

*J. F. McGrath*, (*J. J. MacCarthy* with him,) for the defendant.

CROSBY, J. This action of contract is brought by the plaintiff as administrator of the estate of his son, William Salo, who died on May 29, 1924, as the result of injuries received by being thrown from his motor cycle on that day. The intestate at the time of his death was insured by an accident insurance policy issued to him by the defendant. The case was heard by a judge of the Superior Court without a jury upon an agreed statement of facts. The plaintiff seasonably requested the trial judge to make the following rulings:

"1. Upon the agreed statement of facts the plaintiff is entitled, as a matter of law, to a verdict for $1,000 and interest according to law.

"2. Upon the pleadings and the agreed statement of facts the plaintiff is entitled, as a matter of law, to a verdict for $1,000 and interest according to law."

The judge refused to rule as requested and found for the defendant.

The pertinent provisions of the policy are embodied in that portion entitled "Part I," which provides in substance that if the insured shall be killed the company will pay $1,000 if such death is caused "by the wrecking or disablement of any private horse-drawn vehicle, or private motor-driven car in which Insured is riding or driving, or, by being accidentally thrown from such vehicle or car . . . ." The sole question presented is whether a motor cycle is a "motor-driven car" within the meaning of those words as used in the policy. The burden rested upon the plaintiff to prove the affirmative of that proposition to entitle him to recover. It is earnestly argued in his behalf that, as a motor cycle is driven by a motor, it is a motor vehicle; that the term motor vehicle includes motor cycles and automobiles; and that, therefore,

a motor cycle is equally with an automobile "a motor-driven car." G. L. c. 90, § 1, contains the following definitions.

"'Automobile,' any motor vehicle except a motor cycle."

"'Motor cycle', any motor vehicle having but two or three wheels in contact with the ground, and a saddle on which the driver sits astride, or a platform on which he stands, or any bicycle having a motor attached thereto and a driving wheel or wheels in contact with the ground in addition to the wheels of the bicycle itself.

"'Motor vehicles', automobiles, motor cycles and all other vehicles propelled by power other than muscular power, except railroad and railway cars and motor vehicles running only upon rails or tracks, ambulances, fire engines and apparatus, police patrol wagons and other vehicles used by the police department of any city or town or park board solely for the official business of such department or board, road rollers and street sprinklers."

It is apparent from the language of the statute last quoted that the term "motor vehicle" includes both automobiles and motor cycles. While every motor cycle is a motor vehicle, it is plain that every motor vehicle is not a motor cycle. The statute makes a clear distinction between an automobile (which manifestly is a "motor-driven car " as used in the policy) and a motor cycle. The word "car" is ordinarily used in speaking of an automobile. It is a common expression describing an automobile. It is a matter of common knowledge that in ordinary conversation a motor cycle is not referred to as a car, but is spoken of as a motor cycle. The difference in the mechanical construction of automobiles and motor cycles does not indicate that a common designation would naturally apply to both. A motor cycle having ordinarily two wheels is a machine more in the nature of a bicycle equipped with motor power. The statutory definitions above referred to make it apparent that there is a distinction between an automobile and a motor cycle. The term "motor-driven car," as used in the policy, while applicable to an automobile is not appropriate to describe a motor cycle.

The provision in question in Part I of the policy refers to a

private motor driven car "in" which the insured is riding or driving, while the provision in Part I relating to an injury sustained by the policy holder by the wrecking or disablement of a railroad car or passenger steamship or steamboat "in or on" which he is travelling as a fare paying passenger indicates that a distinction was intended to be made between the prepositions in and on. The insured did not ride "in" his motor cycle; he rode "on" it. Cases decided under statutes which make no distinction between automobiles and motor cycles are not at variance with the conclusion here reached. See *People* v. *Smith,* 156 Mich. 173; *State* v. *Tardiff,* 111 Maine, 552. Obviously a bicycle equipped with a motor would not be a "motor-driven car," although it would be a motor-driven vehicle.

As the policy properly construed does not cover an accident occurring while the insured is riding on a motor cycle, it follows that the plaintiff's requests could not properly have been given, and that he cannot recover.

*Exceptions overruled.*