BEULAH E. PERRY, ADMINISTRATRIX OF THE ESTATE OF MORTIMER L. PERRY, DECEASED, APPELLANT, v. NORTH AMERICAN ACCIDENT INSURANCE COMPANY, RESPONDENT.

Argued May 18, 1927—Decided October 17, 1927.

For the appellant, *Hobart & Minard.*

For the respondent, *Philip J. Schotland.*

The opinion of the court was delivered by

KATZENBACH, J.   On November 6th, 1925, Mortimer L. Perry was killed by being thrown from a motorcycle on which he was riding when the motorcycle collided with a motor truck.   At the time of his death Perry was insured under an accident policy issued on January 20th, 1925, by the North American Accident Insurance Company, the respondent (the defendant below).   The policy was for the term of one year.   The premium paid by Perry for the term of the policy was fifty cents.   The policy insured Perry against "death or disability resulting directly and independently of all other causes from bodily injury sustained through external, violent and accidental means, subject to the limitations and conditions herein contained, as follows

"PART I.

"If the insured shall, by the wrecking or disablement of any railroad passenger car or passenger steamship or steamboat, in or on which such insured is traveling as a fare-paying passenger; or by the wrecking or disablement of any public omnibus, street railway car, taxicab or automobile stage, which is being driven or operated, at the time of such wrecking or disablement, by a licensed driver plying for public hire, and in which such insured is traveling as a fare-paying passenger; or by the wrecking or disablement of any private horse-drawn vehicle, or motor-driven car in which insured

is riding or driving; or by being accidentally thrown from such vehicle or car, suffer any of the specific losses set forth below in this part I, the company will pay the sum set opposite such loss."

Beulah E. Perry, as administratrix of the estate of Mortimer L. Perry, instituted in the Supreme Court an action against the insurance company to recover under the terms of the policy the sum of $1,000. The case was tried at the Essex Circuit before the honorable William A. Smith, Circuit Court judge, without a jury, on stipulated facts and testimony. A judgment was rendered in favor of the respondent (hereinafter called the defendant). From this judgment the plaintiff below (hereinafter called the plaintiff) has appealed.

The question presented is whether the construction given to the contract by the Circuit judge was correct. The question presented is a narrow one and is confined to the determination whether a motorcycle is a "car" within the meaning of the provisions of the policy above recited. Counsel for the plaintiff have presented to us a brief, ninety-seven pages in length, presenting with great care the plaintiff's contentions for the reversal of the judgment. It will be impossible to consider, except in a general way, many of the definitions, statutes and decisions to which counsel direct our attention in their effort to reverse the judgment below. The decisions to which our attention is directed, holding that a motorcycle is a motor-driven car, rest upon the construction of special statutes which are broad enough in their language to include motorcycles under the term of "motor-driven vehicles," or some other similar term. No case is cited which holds under the provisions of the policy sued on that a motorcycle is a motor-driven car. The respondent cites two cases instituted against it decided in other jurisdictions which construe the terms of the policy sued on in the present case as not to include a motorcycle as a motor-driven car. These cases are *Salo* v. *North American Accident Insurance Co.*, 153 N. E. *Rep.* 557, decided by the Supreme Court of Massachusetts, and *La Porte* v. *North American Accident Insurance Co.*, 109 *So. Rep.* 767, decided by the Supreme Court of Louisiana.

Our examination of the provision of the policy sued on bearing on the present controversy has lead us to the conclusion that the correct interpretation of the terms of the policy excludes a motorcycle from the class of a motor-driven car. There is no ambiguity in the language of the policy. The principle of law that when an ambiguity exists the policy should be liberally construed against the company and in favor of the insured has no application. The ordinary and usual meaning of the words must be sought and given to them. Where the words are used to express the meaning of the party using them the court will not adopt a strained and improbable construction. *Bew* v. *Travelers' Insurance Co.,* 95 *N. J. L.* 533. The policy uses the phrases "horse-drawn vehicles" and "motor-driven cars." A motorcycle is a vehicle. If motorcycles were intended to be included the draftsman of the policy would have used the words "motor-driven vehicles." After using the word "vehicle" in the phrase "horse-drawn" vehicles," it would seem that the use of the phrase "motor-driven car" immediately afterward is significant and indicates a purpose to exclude such a vehicle as a motorcycle from the provisions of the policy. One riding on a motorcycle is more exposed to accidents than one riding in a motor-driven car. A car stands upright on four wheels whether in operation or stopped. It is protected by bumpers in front and rear. It has a body in which the pasengers sit which protects them in some measure from the perils of the highway. One riding on a motorcycle cannot keep it in equilibrium when not in operation. When stopped he must get off or place his feet, or one foot, upon the ground. A motorcycle has no front or rear protection in the form of fenders or bumpers. It has no body for the protection of the rider. A rider is therefore more exposed to the dangers incident to congested traffic. For these reasons, which make the risk of riding on a motorcycle greater than that of riding in a motor-driven car, we think the rider on a motorcycle was intentionally excluded from the provisions of the policy by the use of the language employed.

The use of the preposition "in" in the clause of the policy reading "or motor-driven car in which insured is riding or

driving" is also significant. One riding on a motorcycle is not referred to as riding "in" a motorcycle but "on" a motorcycle. A passenger or one driving a car is not usually referred to as riding "on" a car but "in" a car. Where a policy uses the words "or motor-driven car in which the insured is riding or driving" it is for the purpose of limiting the insurer's liability. The reason is the one we have indicated, the greater safety of the insured "in" a car. This distinction has been recognized in a number of cases. In *Anable* v. *Fidelity and Casualty Co. of New York,* 74 *N. J. L.* 686 (affirming an opinion of the Supreme Court written by Mr. Justice Reed and reported in 73 *Id.* 320), this court held that a person who had boarded a train surrendered his ticket and got off at the next station to buy a newspaper, and was killed while attempting to board the train again to continue his journey, as it was pullling out, was not covered by the provision in a policy "riding as a passenger in or on a public conveyance."

Mr. Justice Reed, in his opinion, cites with approval *Van Bokkelen* v. *Travelers' Insurance Co.,* 34 *App. Div.* 399; 54 *N. Y. Supp.* 307; *affirmed* in 167 *N. Y.* 590), and says the following about that case:

"The court dealt with a clause in a policy which doubly insured a person injured while riding as a passenger in a passenger conveyance, using steam, from which injury death resulted. The word 'on' was not used. The court held that the clause did not cover an injury to a passenger who was standing upon the platform of a car, and who, while so standing, was thrown therefrom and killed."

In the case of *La Porte* v. *North American Accident Insurance Co., supra,* Mr. Justice Land, who delivered the opinion of the court, made the following terse remarks on the policy in that case, which was substantially in the same form as in the instant case:

"A motorcyclist may ride upon his machine but he cannot ride in it.

"A motorcycle is not known as a 'motor-driven car,' or as a 'motorcar,' in the general and popular sense of that term.

"It would be difficult to conceive that a garage owner would

send a motorcycle to a customer to ride in when he had ordered a 'motorcar.'

"It would be more difficult to conceive that such customer would accept such a machine as a 'motorcar' if sent."

For the reasons herein somewhat briefly set forth we are of the opinion that the ruling of the learned trial judge that a "motorcycle" is not a "motor-driven car" within the meaning of the policy in this case was correct.

The judgment of the Supreme Court is affirmed.

For affirmance—THE CHIEF JUSTICE, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUS-KIRK, McGLENNON, JJ.   10.

*For reversal*—KAYS, HETFIELD, DEAR, JJ.   3.