## Deardorff, Admr., Appellant, *v.* Continental Life Ins. Co.

Argued May 26, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Harvey A. Gross,* for appellant.—The Motor Vehicle Code in force in Pennsylvania in 1926 was the Act of April 27, 1925, P. L. 254, which was an amendment to the Act of June 30, 1919, P. L. 678, neither of which acts attempts in any manner to define a "motor-driven car" but both acts classify a "motorcycle" as a "motor-operated vehicle."

Surely, to the ordinary layman, on reading the terms of the policy contract, he would say that "motor-driven car" included a "motorcycle" and we think that a contract of this kind should be interpreted in the light of what an ordinary layman would understand it to mean.

The interpretation of the policy sued upon must be made in the light of Pennsylvania law because it is a Pennsylvania contract and the lex loci contractus applies because the policy was applied for by the insured in Pennsylvania and was delivered to him in the City of York, and must, therefore, be construed by the Pennsylvania law: Watt v. Gideon, 8 Pa. Dist. R. 395; Life Assurance Society v. Clements, 140 U. S. 226; Brown's App., 125 Pa. 303; Bole v. Fire Ins. Co., 159 Pa. 53; McKeesport M. Co. v. Ins. Co., 173 Pa. 53.

As the words used in the clause are the language of the insurer, a salutary rule of construction requires them to be construed most favorably to the insured: Hughes v. Ins. Co., 222 Pa. 462; Primrose v. Casualty Co., 232 Pa. 210; Humphreys v. Benefit Assn., 139 Pa. 264; Frick v. Ins. Co., 218 Pa. 409.

*John A. Hoober,* for appellee, was not heard.

OPINION BY MR. JUSTICE KEPHART, June 21, 1930:

The sole question for our determination is whether, in an accident insurance policy, a motorcycle is either an automobile or a motor-driven car. The policy insured Deardorff against death or disability resulting from bodily injuries effected solely through external, violent and accidental means, by the wrecking or disablement of any private automobile, motor-driven car or horse-drawn vehicle, in which the insured is riding or driving, or by being accidentally thrown from such automobile, car or vehicle. The court below held that a motorcycle was not a motor-driven car.

The language of the policy seems clear. An automobile is commonly termed a "car." It is so designated in ordinary speech, and the term should not be stressed to meet an unfortunate situation. No one would think of calling a motorcycle an automobile or a car. Webster's New International Dictionary defines a "car" as a carriage, cart, wagon, truck, a vehicle adapted to the rails of a railroad; and an automobile as a self-propelled vehicle suitable for use on a street or roadway. Cf. 9 C. J. 1283. A vehicle is one in or on which any person or thing may be carried, as a coach, wagon, car, or bicycle: 39 Cyc. 1125. A motorcycle is a bicycle having a motor attached so as to be self-propelled: 42 C. J. 612. While "motor vehicle," as a generic term, includes all classes of self-propelled vehicles (42 C. J. 609), and so would embrace a motorcycle, and our Motor Vehicle Code describes a motorcycle as a motor-operated vehicle, an accident from a *motor vehicle* was not insured against in the policy. "Vehicle" is a much broader term than "automobile" or "car." Under the definition of vehicle a bicycle would be included, so would a motorcycle; but under the definition of car, neither a bicycle nor a motorcycle would be included.

The insurer must have had some definite purpose in view in employing the terms mentioned above. The policy distinguished between an automobile and a motor-

driven car, though the latter would include the former. It is quite evident an attempt was made to narrow liability. It has been suggested that "motor-driven car" following "automobile" means a car similar to or like an automobile, such as a bus. But in any case the ordinary meaning of the words cannot be violated.

A motorcycle is an instrument of danger on the highway, even more so than an automobile. It is dangerous to the public at large, but the special danger is to the driver of the motorcycle itself. When the driver of an automobile attempts to pass a motorcycle on the highway, he must exercise great care; should he touch the rider while passing, serious consequences follow. The passing of motorcycles around automobiles is also dangerous and annoying. Motorcycles on the highway are constantly dodging in and about cars, subjecting both to great risks. Because of the accidents attributed to motorcycles they are frequently termed a common nuisance. There is greater danger connected with the operation of a motorcycle than any other self-propelled, power-driven vehicle. The insurance company no doubt had this in mind, and, because of the definite difference in risk, there is no reason to believe they were intended to be included within any of the insured classifications made by this policy.

The same question has been before the courts of other states, and in not a single instance has it been held that a motorcycle was a motor-driven car. See LaPorte v. North American Accident Ins. Co., 161 La. 933, 109 So. 767, where the authorities are reviewed; Salo v. North American Accident Ins. Co., 257 Mass. 303, 153 N. E. 557; Perry v. North American Accident Ins. Co., 104 N. J. L. 117, 138 Atl. 894.

Judgment of the court below is affirmed.