[S. F. No. 14367. In Bank.—October 26, 1931.]

MARY BOWERS, Administratrix, etc., Appellant, v. CONTINENTAL LIFE INSURANCE COMPANY (a Corporation), Respondent.

McEnerney & Morris for Appellant.

Peter tum Suden and Richard tum Suden for Respondent.

PRESTON, J.—This record discloses that the ordinary Fordson tractor is an agricultural implement and not a "motor-driven car" within the meaning of the insurance policy involved in this action. This was the holding of the District Court of Appeal, ([Cal. App.] 300 Pac. 97) and upon further consideration of the cause we have been led to agree with its conclusion. (*Perry* v. *North American etc. Co.*, 104 N. J. L. 117 [138 Atl. 894].) The front wheels of this implement have a sharp disc or blade wholly unsuited for highway travel; the rear wheels are equipped with spikes to gain traction in the ground and they too are unfit for highway use.

■ Plaintiff's intestate was insured in defendant corporation against injury or death effected through "violent and accidental means" arising out of certain relationships, among which were: "(A) By the wrecking or disablement of any private automobile, motor-driven car or horse-drawn vehicle, in which the insured is riding or driving, or by being accidentally thrown from such wrecked or disabled automobile, car or vehicle. (Motorcycles excepted.)" The deceased, while operating a Fordson tractor of said type, met his death when the tractor upturned as he attempted to drive it across a ditch, situated in an orchard; the implement at the time was being used to draw a sled loaded with brush.

Defendant had judgment in the court below, which found that the vehicle was a farming implement not included within the coverage provisions of said policy. Plaintiff appealed.

It seems clear that the policy does not cover a vehicle of the type above described. In the case of *Perry* v. *North American etc. Co., supra,* the same language "motor-driven car," was held not to include a motorcycle. The case before us presents a much weaker situation than that and the reasoning there employed we think is applicable here.

The judgment is affirmed.

Waste, C. J., Shenk, J., Richards, J., Langdon, J., Curtis, J., and Seawell, J., concurred.