## Smith v. National Casualty Company

*Schrier & Vallilee*, for plaintiff; *William M. Rosenfield*, for defendant.

CULVER, P. J., August 6, 1934.—The defendant company wrote and sold to plaintiff's husband, in his lifetime, a policy of accident insurance which provided that in case of accidental death "by the wrecking of a bicycle on which the assured is riding", the beneficiary (the plaintiff herein) should receive $500 insurance.

The policy contained another clause which provided that, in case death was caused by any other means than those specifically provided in the policy, the beneficiary should receive $50.

Plaintiff's husband was killed while riding on a motorcycle, which is fully described in the case stated. Plaintiff contends that a motorcycle, as described in the case stated, is "a bicycle" within the provisions of the policy, and that she is entitled to receive $500 and not $50. The case stated is for the court to determine which amount the plaintiff is entitled to receive.

The question to be determined is therefore whether or not a Harley-Davidson motorcycle, propelled by a 9-horsepower, 2-cylinder engine, located in the frame, between the two wheels, is a "bicycle" within the meaning of the term used in the policy.

After careful consideration, we are of opinion it is not. Plaintiff contends

that any two-wheeled vehicle which may be described as a bicycle, whether or not it is so known and designated in common conversation and by the common understanding of people, is a "bicycle" within the meaning of the policy. If this contention be correct, then every two-wheeled vehicle may properly be designated as a "bicycle" and would be covered by the clause in the policy in question. The wire-wheeled sulky of the race track and the high-wheeled sulky of the pioneer doctor could both be called bicycles, because they are vehicles with two circles or wheels; but we are not convinced that they would be covered by the clause in the policy in question. Most vehicles for carriage of persons have well-defined names, such as the automobile, the carriage, the buggy, the buckboard, the sulky, the cart, the platform spring wagon, the sleigh, the cutter, the motorcycle, the bicycle, etc., and the "bicycle" is a well-known vehicle in the trade. We are of opinion that the clause in the policy naming a bicycle as an agency refers to the bicycle as it is classified and known in the trade, that is, a two-wheeled framed vehicle with handlebars and seat, and propelled by pedals with the feet. Likewise, the motorcycle has a well-defined meaning in common parlance and the understanding of people, and no one, in our judgment, would believe that a motorcycle and a bicycle are the same vehicle.

It is true that any ambiguous language in a policy of insurance must be given the interpretation most favorable to the assured, but this rule has no application where there is no ambiguity. The policy is plain. It names the vehicle which the insurance is to cover as a "bicycle", and the plaintiff now seeks to enlarge the definition of bicycle to include a high-powered motorcycle, capable of running on its own power at a high and dangerous rate of speed, up hill as well as down, and an instrument commonly known to be far more dangerous than the automobile or the bicycle.

While Justice Kephart in Deardorff, Admr., v. Continental Life Ins. Co., 301 Pa. 179, quoted from a definition that "a motorcycle is a bicycle having a motor attached so as to be self-propelled", he did not say or imply that a motorcycle is a bicycle in its ordinary sense, and in the same opinion recognized that a motorcycle is not a bicycle by using the following language:

"Under the definition of a vehicle, a bicycle would be included, so would a motorcycle";

That is, they are both vehicles but not both bicycles.

The cases discussing the term motorcycle, as used in statutes of taxation, appear to us to indicate that the term "bicycle" is a different machine from a motorcycle, and the Pennsylvania Vehicle Code does not classify a motorcycle as a bicycle. The statute does not consider a bicycle, with motor attached, a motorcycle, and therefore, it seems to us, under the statute a motorcycle is not a bicycle.

Webster's New International Dictionary (2d ed.) defines a bicycle in the following language:

"A light vehicle having two wheels one behind the other. It has a steering handle and a saddle seat or seats, and is propelled by the feet acting upon treadles connected with cranks or levers."

In our judgment, the policy clause in question does not cover a motorcycle as described in the case stated, and therefore plaintiff is entitled to have judgment in the sum of $50 and not in the sum of $500 as she claims.

From Romeyn F. Culver, Towanda, Pa.