WHYTE, P. J.
Plaintiff minor was injured while operating a motorcycle which was not owned by his father and coplaintiff, the insured under an insurance policy issued by the defendant. Plaintiffs seek recovery for medical services rendered as a result of said injuries, claiming under a provision of the policy reading: “To pay all reasonable expenses actually incurred within one year from the date of accident, for necessary medical services; to or for the named insured or relative who sustained bodily injury, caused by the accident while occupying the described automobile or non-owned automobile, provided the actual use of such vehicle was with the permission of the owner, or through being struck by a motor vehicle while not occupying any other motor vehicle. ’ ’
Neither side 'contends that a motorcycle is not a motor vehicle and as plaintiffs alleged that the minor was occupying a motorcycle when injured, the last phrase “through being struck by a motor vehicle while not occupying any other motor vehicle” cannot apply. Plaintiffs must recover, if at all, on the ground that the non-owned motorcycle was a “non-owned automobile” under the terms of the policy. The trial court held that it was not and we agree with that construction.
Appellant correctly argues that all uncertainties, ambiguities, inconsistencies and doubtful provisions in an insurance policy must be resolved against the insurer and in *Supp. 930 favor of the insured. This rule “is subject to the important limitation, however, that it is applicable only ívhen the policy actually presents such uncertainty, ambiguity, inconsistency or doubt. In the absence thereof, the courts have no alternative but to give effect to the contract of insurance as executed by the parties. Accordingly, when the terms of the policy are plain and explicit, the courts will not indulge in a forced construction so as to fasten a liability on the insurance company which it has not assumed.” (Jarrett v. Allstate Ins. Co. (1962) 209 Cal.App.2d 804, 810 [26 Cal.Rptr. 231].) “ Merely because contracts of insurance are to be construed against the insurer or merely because the contract itself is one of insurance does not warrant the creation of doubt through construction of plain and unambiguous provisions of a contract. ” (1 Couch on Insurance (2d ed.) § 15.85 quoted with approval in Paramount Properties Co. v. Transamerica Title Ins. Co. *(Ca.l.App.) 77 Cal.Rptr. 894.)
Words in an insurance policy are to be interpreted to mean what a reasonably prudent person applying for insurance would have understood them to mean. As stated by Couch on Insurance, second edition, section 15 :18, words are given “that meaning which the particular language conveys to the popular mind, to most people, to the average ordinary normal man, to a reasonable man, to persons with usual and ordinary understanding, to a businessman, or to a layman.” (General Cas. Co. of America v. Azteca Films, Inc. (9th Cir. 1960) 278 F.2d 161, 168.)
Every layman knows the difference between an automobile and a motorcycle. It is highly improbable that any person on the street would answer the question “Is a motorcyclé an automobile?” in the affirmative. It is interesting to note that Webster’s New International Dictionary second edition under the word “automobile” quotes from the General Laws of the Commonwealth of Massachusetts “ ‘automobile,’ any motor vehicle except a motorcycle.” The first edition of the same work contains a full page picturing various types of automobiles, no one of which remotely resembles a motorcycle.
Out-of-state cases holding that injuries arising from operation of a motorcycle are not covered by insurance covering injuries from operation of an automobile include: Neighbors v. Life & Cas. Ins. Co. (1930) 182 Ark. 356 [31 S.W.2d 418] ; *Supp. 931 Whiddon v. Cotton States Mut. Ins. Co. (1964) 109 Ga. App. 137 [135 S.E.2d 521]; Deardorff v. Continental Life Ins. Co. (1930) 301 Pa. 179 [151 A. 814]; Moore v. Life & Cas.Ins. Co. (1931) 162 Tenn. 682 [40 S.W.2d 403].[1] Beeler v. Pennsylvania Threshermen etc. Ins. Co. (1960) 48 Tenn.App. 370 [346 S.W.2d 457, 459], refers to these as “almost universal holdings.”
Only one case appears to be contrary to the above and in that case Bolt v. Life & Cas. etc. Co. (1930) 156 S.C. 117 [152 S.E. 766] the term involved was not “automobile” but “motor-driven car.” There is a well reasoned dissent. The Supreme Court of Tennessee expressly refused to follow Bolt[2] saying the dissent was “in accord with the weight of authority. ’ ’
If the definition of the word automobile was not enough alone to exclude motorcycle, another rule of construction requires the same result. “No term of a policy is ambiguous if its meaning can be ascertained by fair inference from the remaining terms.” (O’Doan v. Insurance Co. of North America (1966) 243 Cal.App.2d 71, 77 [52 Cal.Rptr. 184].) Here the meaning of automobile is not left only to fair inference from the other terms. It is expressly and succinctly defined as “a 4-wheel motor vehicle designed for use principally upon public roads.” We cannot ignore this definition.
The judgment of the trial 'court must be affirmed. Respondent to recover its costs on appeal.
Vasey, J., and Wong, J., concurred.

A hearing was granted by the Supreme Court on August 13, 1969. The opinion of that court is reported in 1 Cal.3d 562 [83 Cal.Rptr. 394, 463 P.2d 746].

In addition to these eases, the following also consider the definition of an automobile or a motor car and hold that the term does not include a motorcycle. Canal Ins. Co. v. Stidham (1968) 281 Ala. 493 [205 So.2d 516]; Kershaw v. Lumbermen’s Mut. Cas. Co. (1963) 2 Conn. Cir. 164 [196 A.2d 817]; Shipley v. American Standard Ins. Co. of Wisc. (1968) 183 Neb. 109 [158 N.W.2d 238]; Jernigan v. Hanover Fire Ins. Co. of New York (1952) 235 N.C. 334 [69 S.E.2d 847]; Paupst v. McKendry (1958) 187 Pa.Super. 646 [145 A.2d 725]; Texas Cas. Ins. Co. v. Wyble (1960))Tex.Civ.App. 333 S.W.2d 668. The California Court of Appeal in the very recent case of Valdez v. Federal Mut. Ins. Co. (1969) 272 Cal.App.2d 223, 234 [77 Cal.Rptr. 411], found it “unnecessary to determine -whether the words ‘any automobile’ as used in the endorsement included [a] motorcycle. ’ ’

Moore v. Life & Cas. Ins. Co., supra, at p. 405.