**Stewart v. American Motorists Ins. Co.**

*Glenn C. Vaughn*, with him *Liverant, Senft & Cohen*, for plaintiff.

*F. Joseph Larkin*, with him *Markowitz, Kagen & Griffith*, for defendant.

SHADLE, J., February 5, 1971.—Defendant insured Harry M. Ruff against accidental death under the terms set forth in the policy in which plaintiff was named beneficiary. Following the death of the insured, plaintiff sued defendant on the policy for the benefits. Plaintiff filed a complaint, and defendant filed an answer containing new matter, to which plaintiff replied. Plaintiff thereupon moved for judgment on the pleadings. Argument thereon was had before the court en banc, and this opinion and order are filed on its behalf.

By the policy, defendant agreed to pay the amount thereof for loss of life of the insured resulting from injuries sustained ". . . While driving or riding in a public or private automobile or motor truck . . . or . . . By being struck or run down or run over by an automobile or motorcycle." By its terms coverage was excluded for loss caused ". . . while riding on a motorcycle, motor driven bicycle, farm tractor, or farm implement. . . ."

In her complaint, plaintiff alleged that the insured died as the result of being ". . . run over by a self-propelled motor-driven road roller which he had been driving and from which he had fallen." In the responsive paragraph of its answer, defendant denied that the insured died in this manner, alleging that it was without knowledge or information sufficient to form a belief as to such allegations, and demanded proof thereof. However, in paragraph 9 of the new matter in its answer, defendant alleged that the insured ". . . was killed as a result of being run over by a road roller . . ." which event it averred was not within the insuring terms of the policy above quoted.

The sole issue in the case, therefore, is whether a self-propelled, motor-driven road roller is within the policy terms which insured against death resulting

from the insured being ". . . run over by an automobile or motorcycle." It is to be observed that neither party alleges that the insured met death "while driving or riding in" the vehicle, so that the words "public or private automobile or motor truck" used in that phrase are not applicable. This distinction is not without significance. While the insurer was willing to assume the risk of the insured being "struck or run down or run over" by any vehicle falling within the definition of an "automobile or motorcycle," it limited coverage for the more dangerous risk of "driving or riding in" a vehicle to a "public or private automobile or motor truck," and from such conveyance it excluded the more hazardous vehicles of "motorcycle, motor-driven bicycle, farm tractor, or farm implement."

Defendant first argues the fundamental principle that a motion for judgment on the pleadings under Pennsylvania Rule of Civil Procedure 1034 cannot be granted where there are unresolved issues of fact. Defendant points to its denial in its answer of plaintiff's allegation that the insured died in the manner alleged. However, it overlooks the fact that in paragraph 9 of its new matter it stated categorically that the insured did, in fact, die from being run over by a road roller. It may be true, as defendant contends, that it was alleging in the alternative under Pa. R.C.P. 1020(c) the defenses of denial of causation and failure to insure. Nevertheless, this is no justification for its flat averment in its new matter that the insured did die in the manner plaintiff claimed. Such a statement constitutes an admission of the critical fact. If defendant desired to avoid this effect, it easily could have averred that *if* the insured was run over by a road roller, such a vehicle was not within the terms of the policy.

It is perfectly clear, therefore, that there is no real factual dispute as to the manner in which the insured met his death, but only a legal conflict as to whether the vehicle in question was within the terms of the policy. This being so, the case is ripe for a determination of the motion for judgment on this issue, rather than on a motion for binding instructions after a trial of undisputed facts.

Is a "self-propelled, motor-driven road roller" an "automobile or motorcycle" within the terms of the policy? Koser v. American Casualty Company of Reading, 162 Pa. Superior Ct. 63 (1948), held that a farm tractor was within the terms of a policy insuring against injuries from an "automobile," but excluding those resulting from a "motorcycle or any vehicle or mechanical device for aerial navigation."

The court there stated: ". . . when the word 'automobile' standing alone is used, a general or generic meaning is attached to the terminology; and, when a restricted or qualified meaning is intended, the word 'automobile' is invariably preceded by some such descriptive or limiting terms as 'pleasure', 'private' or 'passenger.'" The court added: "The word 'automobile' without any restrictive or limiting term is broad enough to embrace any self-propelled motor-driven vehicle . . ."

To the same effect, Mancini v. Maryland Casualty Co., 59 Lack. Jur. 154 (1957), per Judge (now Justice) Eagen, held that a policy insuring against injuries from an "automobile (including trucks, taxicabs and busses)" covered injuries caused by a vehicle consisting of two separate detachable units, the front one being four-wheeled self-propelled and motor-driven, operated by a steering wheel, clutch, gear shift and brakes, and the rear unit being powerless and used to convey large amounts of earth. The essential reason for the decision was the quotation from Huddy, Auto-

mobile Law, Vol. 1-2, page 140, sec. 1: "The word 'automobile' signifies self propelling or containing means of propulsion within itself . . ."

By these criteria, the self-propelled, motor-driven road roller constituted an "automobile" within the terms of the policy in this case.

The Koser case, supra, articulated two other principles equally applicable here. It pointed out that ". . . if (the insurer) considered (the equipment in question) to be a more dangerous instrumentality than an automobile, as the term is commonly used, it could have excluded them." Defendant here having excluded coverage "while riding on a motorcycle, motor driven bicycle, farm tractor, or farm implement," had it intended to do so likewise could have excluded injuries resulting from being struck or run down or run over by, for example, a road roller or any similar type of road building or construction equipment not commonly used for the conveyance of passengers.

As Koser pointed out, "Where the terms of a policy are susceptible, without violence, of two interpretations, that construction which is most favorable to the insured, in order to indemnify him for loss sustained, should be adopted. . . ." The court there cited from Blashfield Cyclopedia of Automobile Law and Practice, section 4122: ". . . in a policy covering death by wrecking of a 'private pleasure type automobile . . . excluding a motorcycle and farm machinery,' while the term 'pleasure type automobile' impliedly excluded other vehicles under the rule of 'expressio unius,' the addition of the latter express excluding clause created an ambiguity requiring construction against the insurer. . . ."

We have not overlooked Deardorff v. Continental Life Ins. Co., 301 Pa. 179 (1930), which held that a motorcycle was not within the terms of a policy insuring against injuries from "any private automobile,

motor-driven car or horse-drawn vehicle," because a motorcycle was a more dangerous vehicle than those named. In the instant case, the named vehicles intended to be covered were not as restrictive as those in Deardorff, there is no perceptibly greater hazard, if indeed as much, of being struck, run down or run over by a road roller than by an automobile or motorcycle, and there was in that case no exclusion of named vehicles as there is here.

We conclude that the insured here met his death as a result of being struck, run down or run over by a vehicle which was within the terms of the policy by which defendant agreed to pay indemnity. This being so, plaintiff is entitled to judgment on the pleadings.

### ORDER

And now, to wit: February 5, 1971, plaintiff's motion for judgment on the pleadings is granted, and judgment is hereby entered on the pleadings in favor of plaintiff and against defendant in the amount of $2,250 and costs of suit. An exception is noted for defendant.