THE HOME INDEMNITY COMPANY, Plaintiff-Appellee, *v.* LORRAINE HUNTER *et al.,* Defendants-Appellants.

(Nos. 55539-55441 cons.;

First District—August 8, 1972.

*Rehearing denied October 5, 1972.*

Howard and French, of Chicago, (John J. Treacy, of counsel,) for appellants.

Heineke, Schrader, Marsch & Cuncannan, of Chicago, (Paul H. Heineke and Michael H. West, of counsel,) for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

In this appeal, we must decide whether a motorcycle is an automobile within the meaning of an automobile insurance policy. The issue arises in a suit for declaratory judgment. The facts are not in dispute.

## I.

On June 22, 1968, Lawrence Hunter was fatally injured in Chicago when his Suzuki motorcycle was struck by an uninsured motorist. Hunter was also the owner of a 1968 Ford, two-door sedan. The Suzuki was insured by defendant-appellant Midwest Mutual Insurance Company (hereafter called Midwest). The Ford was insured by plaintiff-appellee Home Indemnity Company (hereafter called Home). Each policy provided uninsured motorist coverage in the statutory sum of $10,000. The policy issued by Home provided for arbitration in the event a claimant and the company did not agree concerning the right to recover damages from the owner or operator of an uninsured automobile. The policy, in the part that furnished uninsured motorist coverage, had this provision:

"*Exclusions:* This policy does not apply * * *

(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named

insured or a relative, or through being struck by such an automobile; * * *."

After Hunter's death, his widow, defendant-appellant Lorraine Hunter, demanded arbitration of the uninsured motorist provision in the Home policy on the 1968 Ford. A short time after this notice, the declaratory judgment complaint was filed in which Home alleged ownership of the Ford and the Suzuki by Hunter; the Home policy on the Ford with its exclusion provision; the Midwest policy on the Suzuki; Hunter's death and Lorraine Hunter's claim. It then prayed for a declaration that within the terms of the exclusion, the widow of Lawrence Hunter was not entitled to any benefit under the uninsured motorist coverage in the policy on the Ford because Hunter when he was fatally injured by an uninsured motorist, "[w]as operating an automobile which he owned but was not insured with the plaintiff, and that said automobile which Lawrence Hunter was operating had direct primary insurance with the defendant, Midwest Mutual Insurance Company." For further relief, Home prayed for adjudication of the rights and liabilities of the parties with respect to its policy of insurance and that the court enjoin Lorraine Hunter from proceeding further with arbitration.

Midwest answered the complaint. It admitted that Lawrence Hunter owned two vehicles. It alleged, however, that they were a Ford automobile and a Suzuki motorcycle (the latter being an unenclosed two-wheeled motor vehicle constructed and designed to be occupied by its operator astride a saddle) and that it was while operating the motorcycle that Hunter was fatally injured. Therefore, Midwest asserted, the exclusion in Home's policy on the Ford did not apply because it referred to "an automobile." Then, as a conclusion, Midwest alleged that under the co-insurance clause in the policies, its liability and that of Home for Lawrence Hunter's death were to be prorated on the basis of the $10,000 limit of the two policies; that is, a maximum limit of $5,000 for each insurer. Midwest prayed for a declaration that it and Home, under their respective uninsured motorist coverage, were co-insurers of the claim arising out of the death of Lawrence Hunter.

Thereafter, the parties were ordered to file briefs. After hearing arguments concerning applicability of the exclusion in the Home policy and whether the word "automobile" includes "motorcycle," the trial judge observed that there was a conflict in the cases, "[t]hey go either way on this one * * * you could go either way on it." In effect, holding that the exclusion applied and that a motorcycle was an automobile, the trial judge then entered judgment that Home was not not liable to Lorraine Hunter under the uninsured motorist provision of the policy it issued to Lawrence Hunter.

In this court, Midwest, the party with the real interest in the appeal, persists in its contention that a motorcycle is not an automobile. It argues that the exclusion provision in the policy issued by Home was intended to apply only when the insured person (in this case, Lawrence Hunter) suffers bodily injury or death while occupying an automobile other than the one insured by the policy. Lawrence Hunter, Midwest points out, was riding a motorcycle when he was fatally injured by the uninsured motorist. Midwest argues that a motorcycle is not an automobile; therefore, while Hunter was on a motorcycle, the exclusion in the Home policy did not apply. As a result, Home became liable on its uninsured motorist clause and Midwest became liable on the same clause of its policy that insured the Suzuki motorcycle. These facts, Midwest insists, made it and Home co-insurers of the loss incurred when Hunter was killed. Therefore, Midwest concludes it was error for the trial judge to rule that the exclusion in the Home policy applied and that the only coverage for the accident was the uninsured motorist provision in the Midwest policy.

In defending the judgment made in its favor, Home does not reiterate its contention, made in the complaint for declaratory judgment, that when Lawrence Hunter was fatally injured while riding his motorcycle "[h]e was occupying an automobile which he owned but was not an insured automobile on the policy of insurance issued by the plaintiff * * *." Instead, Home argues that it insured Lawrence Hunter's Ford, Midwest (with uninsured motorist coverage) insured his Suzuki motorcycle; and that Hunter was killed when his motorcycle was struck by an uninsured motorist. Therefore, Home concludes, only Midwest's policy should provide coverage for the accident.

## II.

■■ The uninsured motorist coverage in the policy that Home issued when it insured Lawrence Hunter's Ford provided for payment of "[a]ll sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such insured automobile * * *." As to bodily injury caused by the negligence of an uninsured motorist, this coverage protected Lawrence Hunter in a wide variety of situations, including, of course, while he was in the insured automobile. It would have provided him coverage were he a pedestrian. (*Quick v. Michigan Millers Mutual Insurance Co.*, 112 Ill.App.2d 314, 250 N.E.2d 819; *Voris v. Pacific Indemnity Company* (1963), 213 Cal.App.2d 29, 28 Cal.Rptr. 328; see

Widiss, *Perspectives on Uninsured Motorist Coverage* (1967), 62 N.W. L.Rev. 497, 503; Notman, *Uninsured Motorist Coverage: A Current Analysis* (1966), 55 Ill.Bar Jour. 142, 144. It would have afforded him coverage were he a spectator in an auto race. (*Liberty Mutual Insurance Company v. Duray,* 5 Ill.App.3d 187, 283 N.E.2d 58.) In sum, this coverage protected Lawrence Hunter in any situation in which he or his legal representative became legally entitled to recover damages for injury caused by the operation of an uninsured automobile. The coverage, however, did not apply if Lawrence Hunter suffered bodily injury "while occupying an automobile," one owned by him or by a relative but not insured by Home. The question, then, is whether Lawrence Hunter was "occupying an automobile" when he was killed while driving his Suzuki motorcycle. Stated broadly, the question is whether, within the meaning of the insurance policy in question, a motorcycle is an automobile.

■■ It is a matter of common knowledge, of which courts will take judicial notice, that the word "automobile" means one thing, and the word "motorcycle" means something essentially different. (*Colyer v. North American Acc. Ins. Co.* (1928), 132 Misc. 701, 703, 230 N.Y.Supp. 473, 476.) An automobile is a car usually four-wheeled, propelled by an engine or motor that is part of it. A motorcycle, on the other hand, is a two-wheeled, or if equipped with a sidecar, is a three-wheeled vehicle propelled by an internal combustion engine and resembling a bicycle but usually larger and heavier. (*Askey v. General Accident, Fire & Life Assurance Corp.* (1967), 54 Misc.2d 63, 64, 281 N.Y.Supp.2d 669, 670.) In 1930, the Supreme Court of Pennsylvania said that the word "automobile" had a meaning so well understood by the average person that "[n]o one would think of calling a motorcycle an automobile * * *." *Deardorff v. Continental Life Insurance Co., St. Louis, Mo.* (1930), 301 Pa. 179, 181, 151 A. 814; compare *Paupst v. McKendry* (1958), 187 Pa. Super. 646, 145 A.2d 725.

In *Westerhausen v. Allied Mutual Insurance Company* (1966), 258 Iowa 969, 140 N.W.2d 719, the Supreme Court of Iowa had before it an automobile insurance policy like the one by which Home insured Lawrence Hunter's Ford. That policy had the same uninsured motorist coverage provision and the same exclusion with which we are concerned in this case. Like Lawrence Hunter, the insured in *Westerhausen* also owned a motorcycle. He was killed when while riding the motorcycle he was fatally injured by an uninsured motorist. His wife, as did Lorraine Hunter in this case, filed a claim on the uninsured motorist coverage. The insurer, as did Home in this case, resisted on the ground that the motorcycle the insured was riding was an automobile. The Supreme

Court of Iowa held that the exclusion did not apply because a motorcycle is not an automobile. Courts of other jurisdictions, faced with facts like those in *Westerhausen* and in the case before us, have reached the same conclusion as did the Supreme Court of Iowa. (See *Valdes v. Prudence Mutual Casualty Company*, (Fla. 1968), 207 So.2d 312; *Dorrell v. State Fire and Casualty Company*, (Fla. 1969), 221 So.2d 5; *Banks v. State Farm Mutual Automobile Ins. Co.* (1970), 216 Pa. Super. 162, 264 A.2d 197.) We find the reasoning of these cases from other jurisdictions persuasive and convincing.

■■ Guided by these decisions, then, we conclude that within the meaning of the policy by which Home insured Lawrence Hunter's Ford, a motorcycle is not an automobile. For this reason, the Suzuki motorcycle Hunter was riding when he was fatally injured by an uninsured motorist did not come within the terms of the policy exclusion. This being so, it was error for the trial court to declare that the exclusion applied and that the only coverage for the accident was the Midwest policy that insured the Suzuki motorcycle. The declaratory judgment that should have been entered was one declaring Home and Midwest co-insurers of the loss incurred when Lawrence Hunter was fatally injured.

Therefore, the judgment is reversed and the cause is remanded with directions that the trial court enter a declaratory judgment in favor of Lorraine Hunter and Midwest consistent with the views expressed in this opinion.

Reversed and remanded with directions.

STAMOS, P. J., and SCHWARTZ, J., concur.