## Koser, Admr., *v.* American Casualty Company of Reading, Appellant.

Argued October 3, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Charles H. Weidner,* with him *Edward H. Smith, John B. Stevens, Jr.,* and *Stevens & Lee,* for appellant.

*Christian R. Gingrich,* for appellee.

OPINION BY DITHRICH, J., January 8, 1948:

The sole question involved in this appeal is whether or not a Farmall tractor is an automobile within the meaning of the term "automobile" as used in an accident insurance policy. The court below on a case stated held that it was, and from the entry of judgment for plaintiff, defendant has appealed.

The case turns on whether the term "automobile" as used in the policy was intended to be used in its ordinary and popular sense, or whether it was employed as a generic term. If the policy is susceptible of both constructions, then it must be liberally construed in favor of the insured so as not to defeat, without a plain necessity, his claim to the indemnity which in carrying the insurance it was his object to secure.

"Where the terms of a policy are susceptible, without violence, of two interpretations, that construction which is most favorable to the insured, in order to indemnify him for loss sustained, should be adopted": Vale Pennsylvania Digest, Insurance, 146(3) ; *Teutonia Fire Insurance Company v. Mund,* 102 Pa. 89; *Weller & Weller v. Grange Mutual Casualty Ins. Co. of Harrisburg,* 105 Pa. Superior Ct. 547, 161 A. 615; *Tennant v. Hartford, etc., Ins. Co.,* 351 Pa. 102, 40 A. 2d 385.

The insured, a farmer 69 years of age, was the owner of a. Farmall tractor used generally and solely for agricultural purposes. On June 1, 1946, he had been operating the tractor on a public highway and, in making a turn from the highway into his barnyard, he collided

with a corner of the barn, causing the tractor to overturn and fall upon him. He sustained injuries which resulted in his death three days later.

He was insured against accidental injury and death under the terms of a policy issued by defendant. The policy covered any loss through accidental means "(1) While the Insured is Operating, Driving, Riding in, Adjusting or Cranking an Automobile." Under the heading "ADDITIONAL PROVISIONS" it was provided, inter alia: "nor (10) shall the term 'automobile' as used in this Policy include a motorcycle or any vehicle or mechanical device for aerial navigation."

In our opinion the exclusion clause above quoted enlarges the meaning of the term "automobile" from its ordinary and popular sense to its generic sense, that is, as including any self-propelled vehicle except motorcycles and vehicles used for aerial navigation. An examination of the authorities, much too numerous for citation (see Blashfield Cyclopedia of Automobile Law and Practice, section 4122, and Huddy's Cyclopedia of Automobile Law, vol. 1-2, page 140), discovers that when the word "automobile" standing alone is used, a general or generic meaning is attached to the terminology; and, when a restricted or qualified meaning is intended, the word "automobile" is invariably preceded by some such descriptive and limiting term as "pleasure," "private" or "passenger." See *Deardorff v. Continental Life Ins. Co.,* 301 Pa. 179, 151 A. 814, where it was held that while an automobile as a self-propelled motor vehicle in its generic sense would embrace a motorcycle, a "private automobile or motor-driven car," the terms used in the policy, could not be so extended.

The word "automobile" without any restrictive or limiting term is broad enough to embrace any self-propelled motor-driven vehicle, including not only a motorcycle, but a truck, a bus and, in our opinion, a Farmall tractor. Reading the policy and having in mind that it was issued by a casualty company having its principal

office and place of business in Reading, Pennsylvania, the center of a great farming community, one immediately asks the question why farm machinery was not excluded from its coverage, if that was intended. That, no doubt, was what Judge EHRGOOD had in mind when he pertinently observed that "it is apparent that this Defendant, as insurer, must have had some definite purpose in view in employing the terms mentioned in said clause 10. The Defendant evidently attempted to narrow its liability. It excluded motorcycles, which have been determined to be an instrument of more danger than an automobile. It excluded vehicles and mechanical devices for aerial navigation, that is, all types of airplanes, which it is common knowledge are more dangerous than automobiles. *The Defendant was familiar with the wide use of tractors by farmers, . . . and if it considered it to be a more dangerous instrumentality than an automobile, as the term is commonly used, it could have excluded them, in said clause 10."* (Emphasis added.) There is no Pennsylvania case directly in point, but authority elsewhere is not lacking. In *Hoover v. National Casualty Co.,* 162 S. W. 2d 363, the policy specifically excluded motorcycles and farm machinery from its operation. In commenting upon the decision, Blashfield, section 4122, supra, says:

"Implied coverage limitation to 'private pleasure type automobile' accidents may be nullified by subsequent express limitation. So, in policy covering death by wrecking of a 'private pleasure type automobile . . . excluding motorcycle and farm machinery', while the term 'pleasure type automobile' impliedly excluded other vehicles under rule of 'expressio unius,' the addition of the later express excluding clause created an ambiguity requiring construction against insurer, . . ."

*Bowers v. Continental Life Ins. Co.,* 300 Pac. 97, relied upon by appellant, is clearly distinguishable. There, it was held that the death of one driving a Fordson tractor was not covered by a policy insuring against

death "By the wrecking or disablement of any private automobile, motor driven car or horse-drawn vehicle, in which the insured is riding or driving, or by being accidentally thrown from such wrecked or disabled automobile, car or vehicle. (Motorcycles excepted.)" It is apparent upon reading the policy in that case that the coverage extended only to a private automobile or motor-driven car and those terms, of course, could not be extended to include a tractor, any more than a motorcycle could be termed a "car." Cf. *Deardorff v. Continental Life Ins. Co.,* supra.

We are in accord with the conclusion of the learned court below "that the maxim, 'expressio unius est exclusio alterius' . . . should be applied to the policy contract before us as an aid in arriving at the intentions of the parties. When the Defendant, in said clause 10, excluded motorcycles and any vehicle or mechanical device for aerial navigation, they included every other kind of automobile. When the term automobile was used it was intended to cover all classes of self propelled vehicles, commonly called motor vehicles, except those specifically excluded."

The enlarging or liberalizing interpretation placed upon the policy by Judge EHRGOOD is in our opinion the correct and proper one.

Judgment affirmed.