Simon *v.* Hospital Service Association
of Pittsburgh, Appellant.

Argued November 11, 1959. Before Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ. (Rhodes, P. J., absent).

*J. Robert Maxwell*, with him *Lewis & Drew*, for appellant.

*S. J. Harris*, with him *Litman & Litman*, for appellees.

Opinion by Woodside, J., March 24, 1960:

This is an appeal from a judgment of the County Court of Allegheny County entered for the plaintiffs in an assumpsit action after a trial by the court without a jury.

The question is whether the plaintiffs are entitled to recover under a "Blue Cross" contract for a hospital bill incurred by the wife-plaintiff.

The findings of the trial judge, set forth in the opinion of the court below, are as follows: "Defendant, Hospital Service Association of Pittsburgh, entered into a regular subscription agreement with plaintiffs on December 1, 1944 making available the 'Blue Cross' program to them subject to terms and conditions stated in the agreement. Payments on the policy were faithfully made for the years that followed.

"On December 1, 1956 one of the plaintiffs, Mrs. Jean Simon, was admitted to Montefiore Hospital in the City of Pittsburgh, Allegheny County, Pennsylvania for acute abdominal pain. Plaintiff was ordered

to go to the hospital against her wishes by Dr. Irving L. Stutz, her physician, after examining her in his office to which she was brought by the police of the City of Pittsburgh after passing out at work that morning.[1] Stomach ache with severe pain necessitated hospitalization, and the doctor acted accordingly. Plaintiff remained at the hospital thirteen days after which she was discharged, fully recovered. During her stay at the hospital plaintiff received, and which this court finds as a fact, certain treatment consisting of therapeutic measures, bed rest, controlled light diet, analgesics, barbiturates, enemas, Nupercainal ointments, a saline douche, application of hot water bottles, in addition to electrocardiogram, cholecystegram, and x-rays of various types. These were either prescribed, recommended or administered by Dr. Stutz and the hospital physicians assigned to the plaintiff. It is also a fact that following the application of all these measures plaintiff did recover from her illness, and was released from the hospital and the doctors care."

Where the factual issues have been submitted to a judge, sitting without a jury, all findings of fact, if supported by the evidence and affirmed by the court en banc, are binding upon us. *Morse-Boulger Destructor Co. v. Mellon-Stuart Co.,* 185 Pa. Superior Ct. 316, 138 A. 2d 152 (1958). Such findings of fact have the effect of a jury verdict. *Perletto v. Lancaster Ave. Bldg. & Loan Assn.,* 353 Pa. 366, 45 A. 2d 10 (1946).

The party favored by the finding is entitled to have the evidence viewed in the light most favorable to him, and to receive the benefit of all favorable inferences, and to have all conflicts in the testimony resolved in

---

[1] The evidence shows that after the examination in Dr. Stutz's office, Mrs. Simon was sent home and told to go to bed, and that several days later when her condition showed no improvement Dr. Stutz insisted that she go to the hospital.

his favor. *Merit Motors, Inc. v. Bartholomew,* 179 Pa. Superior Ct. 576, 118 A. 2d 277 (1955).

The subscription agreement between the Hospital Service Association of Western Pennsylvania and the plaintiffs provided, inter alia, as follows: "The benefits hereunder cover the treatment and care of all illness and injuries regularly accepted for treatment by the. Member Hospital selected by the Subscriber, but DO NOT IN ANY EVENT INCLUDE Admissions of patients to Member Hospitals for: a. Diagnosis or for laboratory or x-ray studies solely for diagnostic purposes. b. . . ."

The appellant contends that Mrs. Simon was admitted to the hospital for diagnosis and not for treatment and care of an illness regularly accepted for treatment by the hospital, and that, therefore, it is not liable under the contract.

The appellant's liability is determined by the contract. It cannot be required to pay for a hospitalization unless it agreed to pay for that hospitalization. If Mrs. Simon was admitted to the hospital for diagnosis rather than for treatment and care of an illness regularly accepted for treatment by the hospital, the appellant is not liable.

Diagnosis is defined as "The art or act of recognizing the presence of disease from its symptoms, and deciding as to its character.—Determination of a type or condition through case or specimen study." Webster's New International Dictionary (3rd Ed.) When a person is ill, diagnosis and treatment generally go hand in hand. Diagnosis is frequently a continuing part of the physician's management of an ill person's case. The defendant is not relieved from liability merely because extensive effort is made to diagnose a patient's illness during the time he is in the hospital in need of treatment and care.

Mrs. Simon's illness was never diagnosed. During the thirteen days she was in the hospital numerous tests were made in order to arrive at a diagnosis, but her physicians, were not able to determine the cause of her illness. She was sent to the hospital because she was confined to her bed by an acute abdominal pain which was not responding to treatment. She was a sick woman in need of treatment and care. That the physicians had to limit their treatment and extend diagnostic examination over a long period of time because they could not determine the specific cause of her illness, does not alter the fact that she was admitted to the hospital because she was in need of treatment and care. When she entered the hospital, she was "sick in bed"; when she left, she had recovered. She was not an ambulatory patient admitted for what is generally termed, in layman's language, "a check-up."

As nearly all hospital patients require diagnostic tests along with therapeutic treatment, the exception contained in the agreement must relate only to patients who are admitted for diagnosis as distinguished from therapeutic treatment and care. It is an exception to the expressed liability contained in an agreement written by the appellant and, if there be any ambiguity in it, must be taken most strongly against the hospital association. If it is reasonably susceptible of two interpretations, it is to be construed in favor of the assureds so as not to defeat, without plain necessity, their claim to indemnity which it was their object to secure. *Reynolds v. Maryland Casualty Co.*, 30 Pa. Superior Ct. 456 (1906); *Nusbaum v. Hartford Fire Insurance Co.*, 276 Pa. 526, 120 A. 481 (1923).

The appellant admits that the procedures followed in the hospital "in general terms may be called 'treatment'." Mrs. Simon's physician testified that she was admitted for treatment. Treatment involves not only

surgery and administering medicine but also other procedures. *State v. Marble,* 73 N.E. 1063, 1065, 72 Ohio State Rep. 21 (1905). Even bathing an infant has been held to be treatment. *Ford Hospital v. Fidelity & Casualty Co.,* 183 N.W. 656, 106 Neb. 311 (1921). Treatment is generally considered to include diagnosis. *Stephens v. Williams,* 147 So. 608, 612, 226 Ala. 534 (1933) ; *Hester v. Ford,* 130 So. 203, 206, 221 Ala. 592; *Order of United Commercial Travelers of America v. Shane C.C. A.S.D.,* 64 F. 2d 55, 59 (1933) ; *Kirschner v. Equitable Life Assn. Soc. of U. S.,* 284 N.Y.S. 506, 510, 157 Misc. 635 (1935) ; *Goldwater v. Citizens Casualty Co. of N. Y.,* 7 N.Y.S. 2d 242, 249 (1938) ; *Gesmundo v. Bush,* 53 A. 2d 392, 394, 133 Conn. 607 (1947). Under the terms of the contract, however, if the only treatment for which she was admitted to the hospital was diagnostic, the appellant would not be liable.

The appellant contends that the treatment was incidental to the efforts made in the hospital to diagnose the patient's illness and that "periods of hospitalization whereof the major portion is made up of diagnostic work are not covered." Liability under the contract does not depend upon the time given in the hospital to testing for diagnostic purposes and the time given to therapeutics. The time of taking an x-ray is not to be measured against the time involved in taking a pill. Provisions of a contract, as well as a statute, should be given a reasonable, workable interpretation wherever possible.

The appellant further contends that the patient could have been given bed rest, special diet, pain killing drugs, medicine to induce sleep, enemas, and other therapeutic treatment at her home as well as in the hospital and, therefore, she was not admitted to the hospital for treatment and care. This cannot be the test as to whether or not the patient was admitted for

treatment and care or for diagnostic purposes. Depending on the circumstances, almost all therapeutic treatment given in a hospital might be given in the home.

The determination of whether Mrs. Simon was admitted to the hospital for diagnosis can be determined from a consideration of (1) the hospital records and other evidence showing what was done to her while she was there; (2) her physician's expressed reason for admitting her; (3) her physical condition and the nature of her complaints immediately before and at the time of her admission; and (4) all the surrounding circumstances.

The hospital record shows substantial diagnostic procedures, but it also shows therapeutic procedures. Mrs. Simon's physician testified that she was admitted because she required treatment and care. The evidence establishes that she was suffering from an acute abdominal pain requiring her to remain in bed for several days prior to her admission. There is no doubt that a person in her condition needed the treatment and care which is given in a hospital. After thirteen days of treatment, care and diagnosis she was discharged, her physical condition greatly improved.

Counsel for appellant argues that the trial judge should have accepted the opinion of his physician-witness who testified that, based upon the examination of the hospital records, the hospitalization of Mrs. Simon "falls under the category for admission for diagnosis." This was opinion evidence given by a physician employed by the hospital association and who had himself passed upon the claim of Mrs. Simon in the first instance. It was his personal opinion concerning the liability of his employer to the plaintiffs under the contract. As the trial court had a right to reject this testimony, we must ignore it. The credibility of the witnesses is for the trial court. Further-

more, it was the opinion of the witness on the issue of fact which was for the determination of the trial court.

There was sufficient evidence to support the finding of the court below that the wife-plaintiff was admitted to the hospital for treatment and care rather than diagnosis, even though the evidence establishes numerous tests were made solely for diagnostic purpose.

Judgment affirmed.