Vowinckel et al., Appellants, v. Donegal Mutual Insurance Company.

Argued April 18, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Charles R. Alexander,* for appellants.

*Arnold E. Dolby,* for appellee.

OPINION BY FLOOD, J., June 12, 1963:

The defendant insured the contents of the plaintiffs' garage building against fire and, by an extended coverage endorsement, against direct loss by vehicles. The complaint avers that when one of the plaintiffs' employes was removing a wheel from a jeep in the garage, it fell from a floor jack and struck their motor tester, damaging it to the extent of $580.

The court below sustained a demurrer to the complaint upon the ground that the accident was not covered by the extended coverage provision. The pertinent paragraph of the endorsement, entitled Provisions Applicable Only to Loss by Aircraft and Vehicles, reads as follows:

"The term 'vehicles', as used in this Endorsement, means vehicles running on land or tracks but not aircraft. Loss by aircraft or by vehicles shall include only direct loss resulting from actual physical contact of an aircraft or a vehicle with the property covered hereunder or with the building containing the property covered hereunder, except that loss by aircraft includes direct loss by objects falling therefrom. This Company shall not be liable, however, for loss (a) by any vehicle

owned or operated by the insured or by any tenant of the described premises; (b) by any vehicle to fences, driveways, walks or lawns; (c) to any aircraft or vehicle including contents thereof other than stocks of aircraft or vehicles in process of manufacturing or for sale."

The court below held that the first sentence of this paragraph unambiguously excluded coverage for damage resulting from contact with a vehicle which, at the time, was not running on land or tracks. The question raised on this appeal is whether this sentence is merely descriptive of the kind of vehicle against which the plaintiffs are insured with regard to property damage or whether it is part of the description of the event they are insured against, to wit, loss by physical contact with a vehicle which is running on land or tracks at the time.

At first blush it might seem when the policy says that "the term 'vehicles' . . . means vehicles running on land or tracks . . ." nothing is insured against except damage from a vehicle running at the time on land or tracks. The court below adopted this view and held that "running" as used in this sentence was not equivalent to "which runs" and to so construe it would be to rewrite the policy. Further consideration indicates that this is not so and that the policy should not be construed as the lower court did here.

We know of no other case in which a court has so construed such a clause. On the contrary, in *St. Nicholas Ins. Co. v. The Merchants' Mutual Fire and Marine Ins. Co.,* 11 Hun. 108, 113 (S. Ct., 1877) it was held that a policy insuring "against loss by fire on the barge Berkshire, running on the Hudson and East rivers" covered the destruction of the barge by fire while it was in dock. The court said: ". . . By its policy, it insured the barge while 'running on the Hudson and East rivers.' The term 'running' was evidently here em-

ployed in the sense ordinarily given to it, as it is applied to the business of navigation, and for that reason it could not have been intended that it should be restricted to risks encountered only when the barge was in motion, but it was equally within the protection intended to be afforded by the policy while it was lying at the wharves it was obliged to resort to for the purpose of receiving and discharging its cargo. The term 'running', as it was used by the defendant, must have been designed to include all that ordinarily would be comprehended by the business of a vessel in active employment. It described the condition of a vessel commercially engaged; and it was used by way of contrasting the difference between vessels laid up and out of use and those making trips upon the water."

In *Moffitt v. State Automobile Ins. Ass'n,* 140 Neb. 578, 300 N.W. 837 (1941), the court held that a haygrinder was within the common meaning of the word "vehicle". The court said: "What then, is the commonly accepted meaning of the word 'vehicle'? We think the common meaning is: 'That in or on which a person or thing is or may be carried from one place to another, esp. along the ground, also through the air; any *moving* support or container fitted or used for the conveyance of bulky objects; a means of conveyance' ". Id. at 579, 300 N.W. at 838. For this the court cited Webster's New International Dictionary from which the definition was taken. Thus, we find that "vehicle" is defined by this widely used dictionary as a "moving support or container", not a support or container which is movable or capable of being moved.

In *Davis v. Petrinovich,* 112 Ala. 654, 21 So. 344 (1896), the court had to determine whether a bicycle was a vehicle under an act authorizing a vehicle license only for vehicles used in the transportation of goods and merchandise for hire. While the court held that a bicycle used for pleasure only was not taxable under

the act nevertheless it used the following language: "A vehicle is defined to be, 'any carriage *moving* on land, either on wheels or on runners; a conveyance; that which is used as an instrument of conveyance, transmission, or communication.'" Id. at 657, 21 So. at 344. It used as authority for this definition the Century Dictionary. This dictionary, as well as the cited case which follows it, thus defines a vehicle not as "any carriage which moves on wheels or runners" but "any carriage moving on land either on wheels or runners". This definition is also used in the American College Dictionary (Harper and Brothers, 1948). It is interesting to note the American College Dictionary defines "automobiles" as a "vehicle especially one for passengers, *carrying* its own power generating and propelling mechanism for travel on ordinary roads". It defines streetcar as "a public passenger car *running* regularly along certain streets, usually on rails." When these highly regarded authorities use these phrases to define various vehicles, obviously they equate "running" or "moving" with "capable of running or moving" or of "which runs or moves" in a definition. If this is so, the ordinary person buying such an insurance policy has a right to so interpret this clause.

These cases, and the highly respected lexicographers upon whom they rely, indicate that the fact that the present participles, "running" or "moving", literally denoting a state of being in motion, are commonly used by the highest authorities in defining the word "vehicles", when a purist might well insist on the use of some phrase such as "capable of running or moving". This makes clear that the use of the word "running" rather than a clause such as "which runs" or a phrase such as "capable of running" is not a sufficient reason for holding that the clause defining "vehicle" is intended, not merely to define that word, but to describe the event which is insured against. It indeed suggests that

the sentence in question was adapted from one of these dictionary definitions of the word "vehicle". Particularly is this so in a policy such as the one before us, when the definition clause is followed immediately by another sentence covering the event insured against, to wit, physical contact with the vehicle.

"Where the terms of a policy are susceptible, without violence, of two interpretations, that construction which is most favorable to the insured, in order to indemnify him for loss sustained, should be adopted". *Koser v. American Cas. Co.*, 162 Pa. Superior Ct. 63, 64, 56 A. 2d 301 (1948). In that case the word "automobile" in a policy insuring the plaintiff while he is "operating, driving, riding in, adjusting or cranking an automobile" was held to cover an accident in which he was operating a tractor used solely for agricultural purposes. A tractor is not considered an automobile in the popular sense but the court held that where the word "automobile" standing alone is used, the generic meaning is attached to the terminology, adding that "when a restricted or qualified meaning is intended, the word 'automobile' is invariably preceded by some such descriptive and limiting term as 'pleasure,' 'private' or 'passenger' ". Id. at 65. Perhaps more significant in connection with the case before us is the court's statement in *Koser v. American Cas. Co.*, supra, that the fact that the phrase was followed by the clause "nor shall the term 'automobile' as used in this Policy include a motorcycle or any vehicle or mechanical device for aerial navigation" indicated that other types of self-propelled motor vehicles were included. By similar reasoning the exclusion of airplanes here indicates that other vehicles which run on land or tracks are included. In the *Koser* case the court quoted the following from Blashfield, Cyclopedia of Automobile Law and Practice, §4122: ". . . while the term 'pleasure type automobile' impliedly excluded other vehicles under rule

of 'expressio unius,' the addition of the later express excluding clause created an ambiguity requiring construction against insurer, . . .". Id. at 66, 56 A. 2d at 302.

It is to be noted that the paragraph we are considering excludes injury by vehicles "to any . . . vehicle . . . other than stocks of . . . vehicles in process of manufacturing or for sale." In *Golding-Keene v. Fidelity-Phenix Fire Ins. Co.,* 96 N.H. 64, 69 A. 2d 856 (1949), under a policy which also recited that " 'vehicles' means vehicles running on land or tracks" and that injury by vehicles to vehicles was not covered, it. was held that when a bulldozer pushed feldspar into a wall, causing its collapse, the damage was covered by the policy. It throws light on this case by the following language: "That the construction placed on the extended coverage endorsement in this case was actually intended by the insurer, as well as stated, is evident from another portion of the endorsement itself. It specifically provides that the insurer shall not be liable 'for any loss or damage to vehicles, fences, driveways, sidewalks or lawns.' This provision indicates that exclusions desired are expressly stated. It is not to be assumed that the defendant would contend that the word 'vehicle' there used had a restricted meaning so that the policy covered damage to bulldozers and tractors." Id. at 67, 69 A. 2d 859. In the same way we doubt that the company would accept the claim here that if the plaintiffs' private vehicle in the garage was damaged in this accident, instead of the tester, it was covered because it was not at the time running on land or tracks.

The insurance policy construed in *Hildebrand v. Washington Nat. Ins. Co.,* 155 Kans. 220, 124 P. 2d 510 (1942), indicates how the accident here in question could have been clearly excluded from the coverage. In that case the policy insured against "injury sustained while riding in a moving farm vehicle". If the policy

before us covered only "injury from a vehicle while running on land or tracks" there could be no doubt about the exclusion of the accident we are considering. See also *Life & Cas. Ins. Co. of Tennessee v. Kinney*, 206 Ark. 804, 177 S.W. 768 (1944).

We conclude that when the policy says that "vehicles . . . mean vehicles running on land or tracks", it intends by this to describe the kind of vehicle which runs on land or tracks and that under the next sentence in the policy the plaintiff is insured against damage to the contents of his garage by physical contact with such a vehicle. Whether or not this unusual type of accident was contemplated by the insurance company when it drew the policy, it has not definitely excluded it. An automobile does not cease to be a vehicle in any ordinary sense when it is brought into a garage and jacked up for repairs. Certainly a truck full of merchandise being transported which has some difficulty on the road and is brought into a garage for repairs and jacked up is a vehicle. To exclude coverage for damage from such a vehicle falling from the jack would require clearer language than that which appears in this policy.

Order reversed. The case is remanded to the court below for further proceedings in accordance with this opinion.

MONTGOMERY, J., would affirm on the opinion of the court below.