David, Appellant, *v.* National Union Fire Insurance Company.

Argued April 12, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*John S. Fisher, II,* with him *W. M. Ruddock,* and *Fisher, Ruddock & Simpson,* for appellant.

*Stephen W. Graffam,* with him *Thomas Lewis Jones,* and *White, Jones and Gregg,* for appellee.

Opinion by Hoffman, J., June 17, 1965:

Appellant, Gus David, brought actions in assumpsit against five insurance companies, each of which had issued a fire insurance policy to him. Appellant alleged that his store's fixtures, equipment and merchandise were damaged by smoke emanating from an incinerator which was installed in the building and connected to the building's chimney.

Appellant conceded that none of the five basic fire insurance policies covered smoke damage. He claimed a right to recover, however, under an extended coverage endorsement which was contained in each policy. The pertinent provisions of this extended coverage endorsement were:

"Subject to provisions and stipulations (hereinafter referred to as 'provisions') herein and in the policy to which this Endorsement is attached, including endorsements thereon, the coverage of this policy is extended to include direct loss by Windstorm, Hail, Explosion, Riot, Riot Attending A Strike, Civil Commotion, Aircraft, Vehicles and Smoke.

"Provisions Applicable Only to Smoke: *The term 'smoke', as used in this Endorsement means only smoke due to a sudden, unusual and faulty operation of any heating or cooking unit, only when such unit is connected to a chimney by a smoke pipe or by a vent, and while in or on the premises described in this policy, excluding, however, smoke from fireplaces or industrial apparatus.*" (Emphasis added)

Each of the five insurance companies filed preliminary objections in the nature of a demurrer. The preliminary objections stated, in substance, that each complaint failed to state a cause of action in that it sought recovery for smoke damage due to:

(1) smoke emanating from an incinerator whereas smoke damage, as defined in the policies, was limited

to smoke resulting from the faulty operation of heating and cooking units; and

(2) a "friendly fire"[1] not covered by the insurance contracts in question.

The lower court sustained the demurrers in each case, supporting its position in a finely researched and reasoned opinion. Accordingly, it entered judgments against appellant and for the insurance companies.

Appellant sets forth many principles in the interpretation of insurance contracts with which we may agree. An insurance policy will be construed most strongly against the insurer who has prepared it. If there is any ambiguity as to its meaning, the ambiguity will be resolved in favor of the insured.

However, when the terms of coverage are clear, simple, and unmistakable, the words are to be construed in accordance with their plain and ordinary meaning. An interpretation may not be ascribed to words which are not expressed in the contract. *Kattelman v. National Union Fire Insurance Company,* 415 Pa. 61, 64, 202 A. 2d 66, 67 (1964).

The interpretation which the appellant urges upon us is that an incinerator is a "heating or cooking unit" within the terms of the endorsements. He contends, in the alternative, that the words "heating or cooking unit" were used in their generic sense and were intended to describe any unit in which a "friendly fire" is kept.

We have been able to find no Pennsylvania case in which these terms are defined.[2] It is clear to us, how-

---

[1] A "friendly" fire has been defined as ". . . a fire lighted and contained in a usual or ordinary place for fire, such as a furnace, stove, incinerator, and the like, and used for the purposes of heating, cooking, manufacturing or other common and usual everyday purposes." 10 COUCH INSURANCE, §42:3 at 686 (2d ed. 1962).

[2] The only case which has been brought to our attention is *Alexandre Benach and Minna Benach, Co-Partners, d/b/a Andre*

ever, that an incinerator, as the word is commonly used and understood, is neither a heating nor a cooking unit. A heating unit is a furnace, boiler or other like unit used to raise and control temperature in a building or other structure. A cooking unit is a stove, oven or like structure used in the preparation of foods or beverages by fire or heat. An incinerator is a device used to burn a substance, usually refuse, and reduce it to ashes.

. The incinerator in the instant case was used neither for heat nor for the preparation of food. It performed only its more usual function of destroying refuse. Accordingly, the smoke emanating from the incinerator was not emanating from a heating or cooking unit.

Nor do we agree with appellant that the term "heating or cooking unit" was used in the generic sense to include any unit in which a friendly fire might be contained.

In support of this position appellant relies most heavily on *Koser v. American Casualty Company of Reading,* 162 Pa. Superior Ct. 63, 56 A. 2d 301 (1948). In the *Koser* case we held that when the word "automobile", standing alone, is used in an automobile insurance policy it does not have its ordinary and popular meaning. Unless preceded by some descriptive word such as "private", "passenger" or "pleasure", it has its broader, generic meaning of "any self-propelled motor vehicle". Thus, motorcycles, buses, tractors and trucks would be included within the generic class of automobile.

*Beauty Salon v. Twin City Fire Insurance Co.,* No. 5086, Circuit Court for County of Wayne, Michigan, decided August 30, 1963. The court there held that an incinerator was neither a heating unit nor a cooking unit within the terms of a smoke damage insurance policy.

Our interpretation of the word "automobile" in its generic sense in the *Koser* case was buttressed by an additional provision in the insurance contract. This provision stated that motorcycles and aircraft were not included within the term "automobile". Applying the maxim "expressio unius est exclusio alterius", we concluded that by excluding motorcycles and aircraft (vehicles which are automobiles in the generic sense only), the insurance company included every other kind of "automobile". Since the term automobile included all self-propelled motor vehicles, the claimant, who was injured in a tractor accident, was permitted to recover.

The method of interpretation employed in the *Koser* case is not applicable here. The paragraph relating to smoke damage specifically refers to "only smoke due to . . . faulty operation of any heating or cooking unit." It clearly intends to restrict the insurance coverage to smoke emanating from such units only. The insurance companies limited their coverage in this manner just as the insurance company in *Koser* might have limited its coverage by using the word "passenger" before the word "automobile".

We agree with the observation of the lower court that, "The contract does not say smoke emanating from a unit like a heating or cooking unit which unit is capable of having a friendly fire contained therein."

Nor may the maxim "expressio unius est exclusio alterius" be applied as it was in *Koser*. The policy does not exclude from coverage units which are heating or cooking units in the generic sense only. The exclusion sets forth simply that even if the damaging smoke comes from a heating or cooking unit, there is no coverage if the unit involved is a fireplace or an industrial apparatus. Fireplaces and industrial apparatuses are commonly used for heating or cooking and might otherwise be covered by this policy.

By excluding from coverage fireplaces and industrial apparatuses, the companies did not by implication include incinerators which are heating and cooking units in the generic sense only.

We conclude, therefore, that the language in these policies is clear and unambiguous. The policies do not indemnify the insured for all smoke damage but only for damage from smoke emanating from heating or cooking units. Excluded from coverage are heating or cooking units which are fireplaces or industrial apparatuses. An incinerator cannot reasonably be considered a heating or cooking unit. Accordingly, the appellant may not recover for damage by smoke emanating from an incinerator.

Judgments affirmed.