Opinion by
Montgomery, J.,
Plaintiff corporation-appellee sued on a policy of insurance issued by defendant-appellant covering loss “or damage to valuable papers and records” on plaintiffs premises. This is an appeal by the defendant insurance company from a judgment entered against it for $9,000 on a finding by the trial judge without a jury, following dismissal of exceptions by the court en banc.
The question raised before us is whether the loss came within the clause in the policy which excludes “loss due to any dishonest, fraudulent or criminal act by ... an officer . . .” of insured. More particularly the question is whether Herbert Marcus was an “officer” or merely an employe of plaintiff corporation when he resigned and fraudulently removed 3,000 application cards belonging to plaintiff. The court below ruled Marcus, who admittedly held the title of “vice-president” at the time of the loss, was merely an “honorary” vice-president and as such not within the exclusionary clause of the policy. In so ruling the court held that Marcus’ duties as vice-president were no different from those as general manager.
*122 There is no substantial dispute as to the facts. Plaintiff corporation, an employment agency acting through David Bitzer, president and sole stockholder, hired Marcus as a trainee and placement manager in November of 1955. Later, on November 22, 1955 Marcus was promoted to general manager with broad duties. The unanimous corporate resolution designating Marcus as vice-president, on December 15, 1955, was introduced into evidence. When Marcus resigned from the plaintiff corporation August 15, 1956, he fraudulently took 8,000 application cards of plaintiff and formed his own employment agency. Soon after Marcus absconded with the application cards the plaintiff corporation sued in equity and obtained an injunction preventing Marcus from competing with plaintiff, and also an order for an accounting.
In the present case defendant offered in evidence the testimony of Bitzer in the equity suit wherein Bitzer, as president and principal witness for plaintiff, repeatedly stated that Marcus was vice-president of plaintiff when Marcus absconded. Also, plaintiff’s counsel offered in evidence here the findings and conclusions of. the chancellor in plaintiff’s equity suit showing Marcus acted as “vice-president” and general manager of plaintiff. In a counter suit by Marcus against the plaintiff corporation Mr. Bitzer also referred to Marcus as “vice-president and general manager in. complete charge of the operation of the business” of plaintiff. In the present suit against the insurance company Mr. Collins, counsel for plaintiff and a director, testified that Marcus, and others, were given the title of vice-president “purely as a status symbol”. While the equity action is not res adjudicata of the present case, Bitzer’s testimony therein was relevant here as showing Marcus was in fact acting as vice-president and an officer of the corporation when the loss occurred.
*123 Defendant denied liability under tbe policy on tbe ground that at the time of tbe theft Marcus was in fact and in law an officer of tbe corporation. We think tbe record shows Marcus, as vice-president, was an officer of tbe corporation) that tbe exclusionary clause in tbe policy applied and precluded liability in this case.
An insurance policy will be construed strongly against tbe company who prepared it and, in case of doubt, in favor of tbe insured. Great American Insurance Company v. State Farm Mutual Automobile Insurance Company, 412 Pa. 538, 194 A. 2d 903 (1963). However, where the language of tbe policy is clear and unambiguous, it cannot be construed to mean otherwise than what it says and must be given tbe plain and ordinary meaning of the terms used. Topkis v. Rosenzweig, 333 Pa. 529, 5 A. 2d 100 (1939); David v. National Union Fire Insurance Company, 206 Pa. Superior Ct. 78, 211 A. 2d 66 (1965). Words of common usage in an insurance policy will be construed in their natural and ordinary sense. Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company, 385 Pa. 394, 123 A. 2d 413 (1956).
Under tbe Rules of Civil Procedure for Pennsylvania (2176) and tbe Business Corporation Law (See 15 P.S. §3102, §402, §408) a “vice-president” is clearly an “officer” of a corporation. A court may not insert a qualifying adjective so as to rewrite the exclusionary clause of tbe policy here involved. Cf. Koser v. American Casualty Company of Reading, 162 Pa. Superior Ct. 63, 56 A. 2d 301 (1948). It is clear that by corporate resolution of tbe Board of Directors dated December 19, 1955, by a unanimous vote, Marcus was elected vice-president of plaintiff.
Plaintiff’s attorney, Mr. Collis, testified Marcus was so valuable to tbe business that on November 22, 1955 be was made tbe first general manager with absolute authority to run tbe business. Tbe extensive de *124 tailed written contract of November 22, 1955, gave Marcus a share of the profits, a right to acquire a one-half interest in the corporation upon Bitzer’s death; the right to hire and fire and sign all checks, and other top management duties. In view of this detailed written contract of November 22, 1955 and the unanimous written resolution of December 19, 1955 appointing Marcus vice-president, the oral testimony of Bitzer and Collis that Marcus’ title was merely honorary will not support a finding to that effect. Marcus’ duties and rights under the contract, together with the corporate resolution appointing him “vice-president” show clearly that Marcus was an officer in fact, and in law, within the exclusionary clause of the policy. While the findings of a chancellor will not be reversed in the absence of a showing of an abuse of discretion, the evidence must support the chancellor’s conclusion. Shapiro v. Shapiro, 424 Pa. 120, 224 A. 2d 164 (1966). In the light of all the evidence, the conclusion that Marcus’ title of vice-president was “honorary” is not sustainable. On the contrary, he was an officer within the exclusionary clause, and the defendant insurance company is not liable for the loss.
The exclusion covers an “officer”, and it does not expressly or by implication except from the exclusionary clause employes who are promoted and in fact become vice-presidents or other officers. The defendant insurance company did not insure against loss or theft by an “officer” who, as here, had full access to the cards in his executive capacity. No doubt insurance may be obtained covering defalcation by officers, but no such coverage appears in this policy.
Reversed and remanded with directions to enter judgment for defendant.