**UNITED STATES of America,**
**Appellee,**

v.

**Dennis Milton Wilson RIGGLEMAN,**
**Appellant.**

**No. 13031.**

United States Court of Appeals
Fourth Circuit.

June 19, 1969.

Robert Allen Sapero, Baltimore, Md. (Court-appointed counsel) on brief for appellant.

Stephen H. Sachs, U. S. Atty., and Clarence E. Goetz, Asst. U. S. Atty., on brief for appellee.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

By direction of the court this case was submitted on the record and briefs filed by the parties but without oral argument. The defendant was charged in a two-count indictment with bank robbery under 18 U.S.C. §§ 2113(a) and 2113(f).

The sole question for determination is whether the trial court below erred in permitting Dr. Leonard H. Ainsworth, a clinical psychologist, over objection, to state his opinion on the issue of defendant's sanity and responsibility for his behavior, according to the American Law Institute test for criminal responsibility at the time of the commission of the alleged offense.

Prior to trial a hearing was held before the court at which both the defendant and the Government produced *psychiatrists* who testified that the defendant was competent to stand trial. No issue with reference to competency to stand trial is raised on appeal.

Dr. Ainsworth was shown to have received a B.A. degree in Psychology in 1949, a Master's degree in 1950, and a Doctorate in Psychology in 1953; and that he had qualified to testify as an expert as to the "legal sanity" of defendants in criminal cases in various states throughout the country, including Florida, New York, Pennsylvania, Virginia, and West Virginia. The witness testified that his professional life had been spent primarily in working under the aegis of Dr. Manfred Guttmacher [1] who was the Chief Medical Officer of the Supreme Bench of Baltimore City; that Dr. Guttmacher was one of the "top forensic

---

1. Special Consultant to the American Law Institute on Model Penal Code Part (4) (Insanity), member Advisory Committee, Model Penal Code.

or criminal psychiatrists in the country and enjoyed a national reputation in terms of being prominent in his field"; that Dr. Guttmacher had referred to him about ninety-five percent of his private cases dealing with criminal matters and that he (Dr. Ainsworth) had assisted Dr. Guttmacher in the formulation of the American Law Institute test for insanity. Dr. Ainsworth testified concerning certain psychological tests given by him to the defendant and concerning a conference with Dr. Fitzpatrick as to defendant's history as a result of which he reached the conclusion, in effect, that defendant did not lack essential capacity to appreciate the criminality of his conduct or to conform his conduct to the requirement of law.

 Riggleman urges and invites this court to adopt a rule that only a psychiatrist be permitted to testify as an expert on the question of an accused's responsibility for his acts. However, we think the better rule is that the determination of a psychologist's competence to render an expert opinion based on his findings as to the presence or absence of mental disease or defect must depend upon the nature and extent of his knowledge; it does not depend upon his claim to the title of psychologist or psychiatrist. The determination of the competence of the witness, after hearing, must be left in each case to the traditional discretion of the trial court subject, of course, to appellate review. Jenkins v. United States, 113 U.S.App.D.C. 300, 307 F.2d 637 (1962), followed and approved in Blunt v. United States, 128 U.S.App. D.C. 375, 389 F.2d 545 (1967). See also Hidden v. Mutual Life Insurance Co. of New York, 217 F.2d 818 (4 Cir. 1954).

 We hold that a clinical psychologist may be permitted to testify as an expert and that each case must be decided on its own facts. The admission of such testimony is left to the sound discretion of the trial court and should not be disturbed on appeal except where there is an abuse of discretion. We find

no such abuse of discretion here in the admission of the testimony of Dr. Ainsworth.

Affirmed.