[No. B033636. Second Dist., Div. Four. Aug. 22, 1989.]

ROYAL INDEMNITY COMPANY, Plaintiff and Respondent, v. ROBERT HAYES ROLOFSON III et al., Defendants and Appellants.

374

COUNSEL

Roy Penuela for Defendants and Appellants.

Rigg & Dean, Warren C. Dean, Jr., and Robert P. Fox for Plaintiff and Respondent.

OPINION

**WOODS (A. M.), P. J.**—Robert Rolofson IV, a minor, was killed when a motorcycle on which he was a passenger collided with an uninsured vehicle.

His parents, appellants Robert Hayes Rolofson III and Laura Valentine, filed a wrongful death action in which they alleged, inter alia, that their damages were proximately caused by the negligent operation of the motorcycle by Jeffrey Mort, a minor.[1] Jeffrey and his parents Richard and Jane Mort demanded that respondent Royal Indemnity Company defend and indemnify them pursuant to a family automobile insurance policy. Respondent Royal Indemnity Company filed this declaratory relief action in which it sought and obtained a judgment declaring, inter alia, that an automobile policy, which it issued to Jeffrey's parents, did not cover the motorcycle.

Appellants contend the trial court erred in reaching this conclusion. Although several arguments are advanced in support of this contention,[2] the issue presented in this appeal is simply whether, under the uninsured motorist provisions of the policy, the motorcycle was covered as a temporary substitute for a covered "auto." Incorporated in this issue, and the reason for publication of this opinion, is the question, whether the term "auto" equates with and is customarily used as a substitute for the word automobile. We conclude that it is.

This issue arose because one of the vehicles insured under the policy was a 1978 Volkswagen Rabbit owned by Mr. Mort and entrusted to Jeffrey Mort. At the time of the accident the Rabbit was inoperable and out of normal use. The motorcycle which Jeffrey was operating at the time of the accident had been loaned to him by a friend. Jeffrey testified he was using the motorcycle as a temporary substitute for the Rabbit. Respondent Royal Indemnity Company took the position that the motorcycle was not an "auto" and therefore could not be covered as a temporary substitute.

The uninsured motorists clause of the policy provided in relevant part: "We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: [¶] 1. Sustained by a covered person; and [¶] 2. Caused by an accident." "Covered person" as used in the part means: "1. You or any family member. [¶] 2. Any other person occupying your covered auto. [¶] 3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1.

---

[1] We have omitted from this opinion the recitation of those allegations, facts and contentions as to which no issue is raised on appeal.

[2] The specific arguments are: (1) Respondent did not explicitly exclude motorcycles from uninsured motorists coverage because when the policy was written California Insurance Code section 11580.2 prohibited it from doing so; (2) the court erred in relying on the authority of *Roug* v. *Ohio Security Ins. Co.* (1986) 182 Cal.App.3d 1030 [227 Cal.Rptr. 751]; and (3) principles of insurance contract interpretation support the conclusion that coverage exists in the absence of an unambiguous exclusion of motorcycles from the uninsured motorists coverage.

or 2. above." "Your covered auto" means: "1. Any vehicle shown in the Declarations. [¶] . . . . [¶] 4. Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its: a. breakdown; b. repair; c. servicing; d. loss; or e. destruction."

The trial court concluded that the word "auto" referred "only to *automobiles*." The court further concluded that the word "auto" was not ambiguous and did not compel an interpretation of the term to include a motorcycle.

■  Whether language in a contract is ambiguous is a question of law (*Producers Dairy Delivery Co.* v. *Sentry Ins. Co.* (1986) 41 Cal.3d 903, 912 [226 Cal.Rptr. 558, 718 P.2d 920]) as to which we make an independent determination.  ■  Our review of this issue is guided by basic principles of insurance contract interpretation which provide that words in an insurance policy must be read in their ordinary sense, that an ambiguity cannot be based upon a strained interpretation of the policy language and that an ambiguity exists when a policy provision is capable of two or more constructions, both of which are reasonable. (*Ibid.*)

■  Application of these rules of construction to the language before us supports the conclusion of the trial court that the language in question is not ambiguous. The term "auto" is commonly understood to mean a four-wheeled passenger motor vehicle. The term is not *reasonably* understood by the average person to include vehicles having either less or more than four wheels.

Existing California law supports this conclusion.[3] In *Roug* v. *Ohio Security Ins. Co., supra,* 182 Cal.App.3d 1030, an uninsured motorist provision of an insurance policy provided that coverage extended to an automobile described in the policy or " 'an automobile not owned by the named insured . . . while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.' " (*Id.,* at p. 1033.) The appellate court rejected the contention that the motorcycle appellant was riding at the time of the accident was insured as a "temporary substitute" for an "insured automobile," reasoning that "liberality of construction cannot serve to change a two wheel motorcycle into a four wheel automobile." (*Id.,* at p. 1037.)

As appellants point out, there are certain factual distinctions between *Roug* and the case before us. In *Roug,* the date on which the policy was

---

[3] For this reason there is no need to discuss the many out of state cases cited by appellants.

purchased was prior to the date on which the policy in this case was issued, the language in question was "automobile" rather than "auto," and coverage was also denied for additional reasons which are not relevant to the facts of this case. None of these distinctions causes the reasoning of the *Roug* court to be inapplicable to this case.

With regard to the date of the insurance, the policy in *Roug* was purchased in 1982. Appellants claim this fact is of importance because of amendments to Insurance Code section 11580.2 in 1980 which are argued to have thereafter allowed an uninsured motorist policy to "unambiguously limit a 'temporary substitute' to an 'automobile.'" The policy in this case, although issued in 1984, is argued to be "an exact copy of the [June 1980 edition of the] standard policy written by the Insurance Service Office, Inc.," in 1980, i.e., before the date of the amendment. We reject this reasoning.

The policy before us is, as respondent points out, governed by the provisions of the Insurance Code in effect in 1984, when the policy was issued. In 1984 the Insurance Code defined automobile as "any self-propelled motor vehicle, with . . . four wheels, . . ." (Ins. Code, § 11580.06.) This definition is consistent with the common understanding of the meaning of the term as applied by the *Roug* court.

With regard to the precise words used, it is of no significance that *Roug* concerned the term "automobile" rather than "auto." Indeed, we find it difficult to imagine a situation in which the words "any auto" would be understood, even with a strained interpretation, to include a motorcycle. As the court in *Lightner* v. *Farmers Ins. Exch.* (1969) 274 Cal.App.2d Supp. 928, 930 [79 Cal.Rptr. 526], observed: "Every layman knows the difference between an automobile and a motorcycle. It is highly improbable that any person on the street would answer the question 'Is a motorcycle an automobile?' in the affirmative."

This being the case, we need not discuss appellants' remaining argument which would be relevant only if an ambiguity existed, which, as we have concluded, is not the case.[4]

---

[4]Appellants argue that an ambiguity exists which must be intepreted in favor of coverage because motorcycles were specifically excluded from coverage in other portions of the family automobile policy but were not mentioned in the uninsured motorists coverage.

The judgment is affirmed.

George, J., and Goertzen, J., concurred.

Appellants' petition for review by the Supreme Court was denied November 15, 1989.