990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PASADENA COMMUNITY DEVELOPMENT COMMISSION, for itself and in
Parens Patriae; City of Pasadena, Plaintiffs-Appellants,
v.
Thomas POTTMEYER, Defendant-Appellee.
 No. 92-56383.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 2, 1993.
Decided April 12, 1993.
 
 Before SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Pasadena Community Development Commission ("Commission") and the City of Pasadena ("City") appeal the district court's denial of a preliminary injunction to bar Jona Goldrich, Sol Kest, Robert Hirsch, and Warren Breslow (collectively the "G & K Defendants") from transferring to Thomas Pottmeyer their 51% interest in the King's Villages Limited Partnership ("Partnership"). The Partnership owns the publicly assisted King's Villages Housing Project ("Project"), formerly called King's Manor.
 
 
 3
 The district court had jurisdiction under 28 U.S.C. § 1331. Notice of appeal was timely filed. Fed.R.App.P. 4(a). We have jurisdiction under 28 U.S.C. § 1292(a)(1). We affirm.
 
 1. Preliminary Injunction
 
 4
 To obtain a preliminary injunction, the moving party must show either a combination of probable success on the merits and the possibility of irreparable harm, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir.1987). "[T]he required showing of harm varies inversely with the required showing of meritoriousness." Id. (internal quotations omitted).
 
 
 5
 Our review of the denial of a preliminary injunction is limited. Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1405 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1670 (1992). "We will reverse the denial of a preliminary injunction only if the district court abused its discretion or relied on an erroneous legal premise or clearly erroneous finding of fact." Id. "We review de novo the correctness of the legal standards employed by the district court in evaluating the plaintiff's likelihood of success on the merits." Id.
 
 
 6
 The City and the Commission argue reversal is warranted because the district court relied on an erroneous legal premise when it denied the requested injunction. The City and the Commission maintain the district court misapprehended California contract law[1] by ignoring extrinsic evidence when ruling the City's likelihood of success on the merits was "nil" because the relevant contracts were "unambiguous."
 
 
 7
 "The interpretation of a contract is a question of law when the contract terms are unambiguous," but a question of fact for the trier of fact if extrinsic evidence is required to determine the intent of the parties. Abifadel v. Cigna Insurance Co., 8 Cal.App.4th 145, 9 Cal.Rptr.2d 910, 919 (2d Dist.1992). Under California law, whether a contract is ambiguous is a question of law. Jones-Hamilton Co. v. Beazer Materials & Services, 973 F.2d 688, 692 (9th Cir.1992) (applying California law); Royal Indemnity Co. v. Rolofson, 213 Cal.App.3d 373, 261 Cal.Rptr. 720, 721 (2d Dist.), review denied, 1989 Cal. LEXIS 4834 (1989). A contract is ambiguous when it is capable of two or more different constructions, both of which are reasonable. Delgado v. Heritage Life Insurance Co., 157 Cal.App.3d 262, 203 Cal.Rptr. 672, 677 (2d Dist.1984) (internal quotations omitted). An ambiguity in a contract results when "there is contradictory or necessarily inconsistent language in different portions of the instrument." Delgado, 203 Cal.Rptr. at 677 (internal quotations omitted).
 
 
 8
 The City and the Commission refer to four different agreements to support their assertion that the G & K Defendants are required to obtain approval before they transfer their interest in the Partnership: (1) the Loan and Security Agreement between the Commission and the Partnership, sections 5.07 and 6.07 (Dec. 1, 1983); (2) the Regulatory Agreement and Declaration of Restrictive Covenants between the Commission and the Partnership, section 11 (Dec. 1, 1983); (3) the Supplemental Regulatory Agreement and Declaration of Restrictive Covenants between the Commission and the Partnership, section 7 (Dec. 1, 1983); and (4) the Building Loan Agreement, section 7.01 (Dec. 23, 1983). The City and the Commission maintain the substance of these four contract provisions also appears in the Corporation Deed of Trust and Assignment of Rents (Dec. 23, 1983) and the Promissory Note by the Partnership in favor of Active Mortgage Co. (Dec. 23, 1983).
 
 
 9
 These contractual provisions are unambiguous because the provisions cannot reasonably be construed to mean the G & K Defendants cannot transfer their interest in the Partnership without City approval and the provisions do not contain contradictory or necessarily inconsistent language. The Loan and Security Agreement, section 5.07, condones a change in partnership make-up by requiring preservation of the Borrower's existence "as a partnership (either as a limited or general partnership)." Section 5.07 permits consolidation or merger into another partnership if the surviving entity complies with the conditions specified. Section 6.07 requires the Partnership to keep title to the "Project," which was defined previously in the agreement as "a multifamily rental housing project located in the City and known as 'King's Manor.' "
 
 
 10
 The Regulatory Agreement and Supplemental Regulatory Agreement prohibit sale or transfer of "the Project" without written consent, but the agreements unambiguously define "Project" as the project facilities and project site. The Building Loan Agreement prohibits any transfer of the "Property or Improvements," but does not prohibit a change in the Partnership.
 
 
 11
 The contractual provisions prohibiting dissolution of the Partnership except under specified circumstances and those prohibiting transfer of the "Project" or "Property or Improvements" are unambiguous. See also Malcom v. Farmers New World Life Insurance Co., 4 Cal.App.4th 296, 5 Cal.Rptr.2d 584, 586 (4th Dist.) (contract provision excluding coverage for suicide is unambiguous), review denied, 1992 Cal. LEXIS 3006 (1992); Royal Indemnity, 213 Cal.App.3d 373, 261 Cal.Rptr. at 721 (automobile insurance policy covering a temporary substitute for an "auto" is unambiguous). Because the contractual provisions are unambiguous, the district court did not err by interpreting the contracts to permit the transfer of the 51% interest in the Partnership as a matter of law, without admitting extrinsic evidence. See Abifadel, 8 Cal.App.4th 145, 9 Cal.Rptr.2d at 919.
 
 
 12
 Moreover, to the extent extrinsic evidence was relied upon to establish ambiguity, the district court did not ignore that evidence. Rather, the court determined that such evidence did not create any ambiguity. The court stated that neither federal tax law, nor state property tax law, nor the HAP contract changed the plain meaning of the contractual provisions. See Hearing Transcript, September 21, 1992, at 11. Thus, the district court complied with California procedure in considering the argument that the contractual provisions were ambiguous. See Barris Industries, Inc. v. Worldvision Enterprises, Inc., 875 F.2d 1446, 1450 (9th Cir.1989) ("[w]hile the district court purported not to consider Worldvision's extrinsic evidence at all, a footnote in its decision indicates that in fact it did follow the procedures [required by California law]").
 
 
 13
 We conclude that the district court did not abuse its discretion or rely on an erroneous legal premise or a clearly erroneous finding of fact when it denied the application for a preliminary injunction.
 
 2. Costs of Excerpts of Record
 
 14
 The G & K Defendants seek recovery of the costs of producing their excerpts of record incurred by the City's and Commission's failure to consult with the G & K Defendants about the contents of the appendix.[2]
 
 
 15
 Federal Rule of Appellate Procedure 30(b) requires appellants to consult with appellees about the contents of the joint appendix on appeal to this court. See Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir.1987). Because the City's and the Commission's failure to consult with the G & K Defendants resulted in added costs to the G & K Defendants, the G & K Defendants will be awarded the costs of producing their excerpt of record; otherwise, the parties shall bear their own costs on appeal.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Neither party disputes California law governs the interpretation of the contracts
 
 
 [2]
 At oral argument, the G & K Defendants withdrew their request for attorneys' fees and costs of appeal under 28 U.S.C. § 2412(d)(1)(A) and (3)